**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4218**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

ISMALIUS JARON WHITE,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (4:06-cr-00068-FL-1)

Submitted:  January 28, 2010      Decided:  February 26, 2010

Before NIEMEYER, MICHAEL, and AGEE, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Richard Croutharmel, Raleigh, North Carolina, for Appellant.
Anne Margaret Hayes, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ismalius Jaron White pled guilty to conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base (crack) and was sentenced to 420 months of imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether the district court impermissibly enhanced White's sentence by "double counting" his prior conduct for both criminal history and relevant conduct purposes; (2) whether trial counsel rendered ineffective assistance; (3) whether the Government engaged in prosecutorial misconduct; and (4) whether White failed to execute a knowing and voluntary plea agreement. The Government has filed a motion to dismiss the appeal of White's sentence, noting that he waived this right in his plea agreement. For the reasons that follow, we dismiss in part and affirm in part.

First, we find that White has waived his right to appeal his sentence. A review of his plea agreement and his Fed. R. Crim. P. 11 hearing reveals that he knowingly and voluntarily pled guilty and waived his right to appeal his sentence. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Accordingly, we grant the Government's motion to dismiss the appeal of White's sentence. Therefore, we

decline to further address counsel's first issue raised in his Anders brief as this issue seeks to challenge the validity of White's sentence.

Second, we find no ineffective assistance of trial counsel at this juncture. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Instead, ineffective assistance claims are appropriately brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009), to allow for adequate development of the factual record. King, 119 F.3d at 295. A defendant may raise an ineffective counsel claim on direct appeal only if the record conclusively demonstrates that defense counsel did not provide effective representation. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

Next, counsel suggests the Government engaged in prosecutorial misconduct. As conceded by counsel, however, the test for prosecutorial misconduct is whether the prosecution made a remark so prejudicial that it denied the defendant a fair trial. United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993). White's guilty plea conviction simply does not lend itself to a prosecutorial misconduct analysis, United States v. Wilson, 135 F.3d 291, 297 (4th Cir. 1998), and we find none on the record.

3

Last, counsel questions whether White knowingly and voluntarily executed his plea and plea agreement. As noted above, the record reveals that White knowingly and voluntarily pled guilty. To the extent White contests the validity of his plea and agreement, however, he is required to show plain error, as he failed to move in the district court to withdraw his guilty plea. See United States v. Martinez, 277 F.3d 517, 524, 527 (4th Cir. 2002) (providing standard). White's claim fails as he has not shown that but for any alleged errors there was a reasonable probability that he would not have entered the plea. United States v. Massenburg, 564 F.3d 337, 344 (4th Cir. 2009).[*]

In accordance with Anders, we have reviewed the entire record in this case, including the issues raised in White's pro se supplemental briefs, and have found no meritorious issues for appeal. Accordingly, we affirm White's conviction and dismiss the appeal of his sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move

---

[*] Indeed, in light of White's extensive criminal history and his active involvement in the case below, he would be hard pressed to show that he misunderstood the nature and consequences of his guilty plea.

4

this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
